UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIA BLACK, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 1:06-cv-1078-TWP-DML |
| ASHWOOD FINANCIAL, INC. and AMBASSADOR CAREER CENTER, INC., | ) ) ) |
| Defendants. | ) ) |
| ASHWOOD FINANCIAL, INC., | ) ) |
| Judgment Creditor, | ) ) |
| v. | ) ) |
| AMBASSADOR CAREER CENTER, INC. | ) ) |
| Judgment Debtor. | ) |

Order Granting Ashwood Financial, Inc.'s
Motion to Compel (Dkt. 58) and
<u>Denying Motion for Sanctions (Dkt. 60)</u>

This matter is before the court on Ashwood Financial, Inc.'s ("Ashwood Financial") motion to compel production of records from Velma Lewis, the principal of Ambassador Career Center, Inc. ("Ambassador"). (Dkt. 58). The court GRANTS Ashwood Financial's motion, and ORDERS Ms. Lewis to produce all records to Ashwood Financial regarding accounts receivable or agreements with KCA within 14 days of the date of this Order, consistent with the explanation below.

Ashwood Financial seeks an order requiring Ms. Lewis to produce records regarding Ambassador's accounts receivable. Ms. Lewis has explained that she has turned these records over to KCA Financial Services, Inc. ("KCA") for collection efforts. Ms. Lewis signed a release for KCA to provide the records to Ashwood Financial, but KCA has not responded to Ashwood Financial's repeated attempts to obtain them.

With its motion to compel, Ashwood Financial seeks an order requiring Ms. Lewis to obtain the records from KCA so that she can in turn provide them to Ashwood Financial. Implicit in Ashwood Financial's motion is the contention that Ms. Lewis has "possession" or "control" of the financial records she provided to KCA. Ms. Lewis maintains in response, however, that the records are not in her possession or otherwise available to her. The affidavit she has submitted in support of that position is ambiguous. To the extent that Ms. Lewis *hired* KCA to pursue collections, she has control over the records that KCA has maintained or generated relating to the accounts receivable and must obtain them from KCA and produce them to Ashwood Financial. *See Pupo-Leyvas v. Bezy*, 2009 WL 1810337, *1 (S.D. Ind. 2009) (the test for determining whether documents are in a party's "possession, custody, or control" is whether the party has a legal right to control or obtain them). She must also obtain and produce copies of any agreements between her or Ambassador and KCA, as well as any copies of communications between her and KCA that relate to or would reveal the terms of the relationship between Ambassador or her and KCA. If Ms. Lewis or Ambassador *assigned* or otherwise *sold* the debt to KCA, Ms. Lewis may well not have possession or control of some of the requested documents. In that case, she must provide documents that reveal the terms of the assignment, any consideration received as a result, and any other documents in her possession encompassed by Ashwood Financial's request.

With regard to Ashwood Financial's Motion for Sanctions (Dkt. 60), the court finds that the facts currently before the court with respect to the KCA records do not warrant the imposition of sanctions against Ms. Lewis. That motion is therefore DENIED.

SO ORDERED.

Date: __07/28/2010__

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jeffrey Kevin Eicher
jeffeicher@aol.com

Karen B. Neiswinger
ATTORNEY AT LAW
kneiswinger@att.net

David G. Walton Jr
WALTON LEGAL SERVICES PC
davidW@waltonlegal.net